## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISON

| | | |
|---|---|---|
| **Stanley Boim Individually and as Administrator Of the Estate of David Boim Deceased and Joyce Boim** | ) ) ) | |
| **Plaintiff,** | ) | **Case No.** |
| | ) | |
| **v.** | ) ) | Principal Case Pending in the United State District Court  for the Northern District of Illinois Case No. 17 CV 03591 |
| **American Muslims for Palestine, Americans For Justice in Palestine Educational Foundation Rafeeq Jaber** | ) ) ) | |
| **Defendants.** | ) | |

---

## MOTION TO QUASH SUBPOENA AND ENTRY OF A PROTECTIVE ORDER

Now comes subpoena Respondent the Mosque Foundation AKA The Bridgeview Mosque, by its Attorneys Zaid Abdallah and Bassam Abdallah of Abdallah Law, and moves this Honorable Court pursuant to Rule 45(c)(3) of the Federal Rules of Civil Procedure, to quash the duplicate Subpoenas served on the Mosque Foundation (hereinafter Respondent). Additionally, pursuant to Federal Rule of Civil Procedure 26 (c), on the basis that the subpoena issued seeks information that is not relevant to any party's claim or defense, is unduly burdensome, and intended solely to harass. Respondent submits there is good cause for entry of a protective order. Respondent moves for a protective order, protecting the Mosque Foundation from further discovery efforts and, in support thereof, states as follows:

### INTRODUCTION

In 2000 Stanley and Joyce Boim filed a cause of action for the death of their son David Boim and were awarded 156 million dollars against the Holy Land Foundation for Relief and Development, the American Muslim Society, and Islamic Association for Palestine.  This cause

of action is for a declaratory judgment that Defendant American Muslims for Palestine and Americans for Justice in Palestine Educational Foundation are alter egos of the Holy Land Foundation, American Muslim Society, and Islamic Association for Palestine.

The Plaintiffs served the Respondent Mosque Foundation with two duplicate subpoenas to the same address, one directed to Mosque Foundation and the other to the Bridgeview Mosque. See Exhibits A and B (a copy of both subpoenas mentioned above are attached as exhibits A and B). This cause of action is pursuant to 28 USC 2201-2202 and Federal Rule of Civil Procedure 65. The materials requested for both subpoenas are irrelevant to this proceeding and said requests are a ruse for a fishing expedition. Furthermore, Plaintiff's requests are overly broad and unduly burdensome. Many of the requested documents do not exist. The Respondent is entitled to a protective order since these subpoenas are designed solely to harass and cause an undue burden on the respondent. Finally, many requested documents do not exist, as the Mosque Foundation adopted a document retention policy in 2013. Please see Exhibit C (a copy of the retention policy is attached as exhibit C).

## LAW AND ARGUMENT

Under Federal Rule of Civil Procedure 45(a), a party may issue a subpoena to command the production of documents or other tangible material in a person's possession or control. Fed. R. Civ. P. 45(a).  A district court must quash or modify a subpoena that " (1) fails to allow reasonable time for compliance, (2) requires a nonparty to travel more than 100 miles, (3) requires disclosure of privileged or otherwise protected matter, if no exception or waiver applies, or (4) subjects a person to undue burden. *TCYK, LLC v. Doe,* No. 13 C, 2013 U.S. Dist. Lexis 145722 at *5.  In deciding if a subpoena is overburdensome, the court asks whether the burden of

compliance with the subpoena would outweigh the production of the material sought by it. *The Bicycle Peddler LLC v. Does 1-99,* No. 13 C 2375, 2013 U.S. Dist. Lexis 95184.

All requests in subpoenas must be restricted to relevant information to the cause of action. If the subpoena request irrelevant information, this Court must quash this subpoena.

"[t]he initial inquiry in the enforcement of any discovery request is one of relevance." *Autotech Techs. Ltd. Partnership v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 440 (N.D. Ill. 2006); *Third Degree Films, Inc. v. Does 1-2010*, No. 4:11 MC 2, 2011 U.S. Dist. LEXIS 116205, 2011 WL 4759283, at *1 (N.D. Ind. Oct. 6, 2011) ("However, implicit in the rule is the requirement that a subpoena seeks relevant information."). The Court has an independent duty to quash a subpoena as overbroad if it does not limit the documents requested to those relevant to the underlying action." *City of Rockford v. Mallinckrodt ARD, Inc.*, No. 17 CV 50107, 2020 U.S. Dist. LEXIS 259038, at *8 (N.D. Ill. May 27, 2020)

Under Rule 26 (c), this court may enter an order designed to protect the Respondent during the discovery process since the information requested here is not relevant and tantamount to a fishing expedition is also intended to harass the Respondent. Attached is a certification by counsel for the Respondent that they attempted to confer with the issuing party but was not able to resolve our disputes without court action.

A. The following requests are overburdensome and irrelevant to this cause of action.

1. Request 1 of Plaintiff's subpoena: *"All documents listing or recoding the director and officers of the Mosque Foundation from 2000 to date."*

The request is overburdensome as it requests over twenty years of documents.

The only documents in possession of the Mosque Foundation that can comply with this request are the board of directors meeting minutes. See Attached Exhibit C. It is overburdensome to require the Mosque Foundation and nonparty to hand over a twenty-two years worth of board meeting minutes. Additionally, this is not relevant to this case. The Plaintiff is attempting to establish the Defendants American Muslims for Palestine ( AMP), and American for Justice in Palestine Educational Foundation (AJP) are the alter egos of the Boim Defendants being the Holy Land Foundation, American Muslim Society, and Islamic Association for Palestine. Whoever acted as a director or officer for the Respondent over the last 22 years does not establish one way or the other if the Defendants AMP and AJP are the alter egos of the Boim Defendants. This is a fishing expedition to gain information not relevant to this case to harass the Respondent. This pattern of harassment is evident by the fact that Plaintiff issued duplicate subpoenas on the same entity. Plaintiff is engaging in a fishing expedition. The Plaintiff does not know what information they anticipate finding with this request.

The production of said documents will not lead to any relevant, discoverable information this subpoena is for the sole purpose of harassing and overburdening the Respondent. This information will not establish nor refute that the Defendants are alter egos of the Boim Defendants.

2. Request 2 of Plaintiff's subpoena: "*All organizational charts or other documents reflect the position with the Mosque Foundation, the Bridgeview Mosque, or the Mosque Community Center and the persons occupying those positions.*"

This blanket request is ambiguous, will not lead to any relevant information, and is intended to harass the Respondent. It is clear from this request that Plaintiff is throwing

everything at the wall to see what sticks. For this request, the Respondent would have to produce every single document about employment and/or volunteer positions for the last twenty-two years. The Plaintiff must reduce its request to be less burdensome and only apply to relevant information in this case. This information will not establish nor refute that the Defendants are alter egos of the Boim Defendants.

3. Request 4 of Plaintiff's subpoena: *" All documents regarding the services performed by Abedlbasset Hamayel."*

Abdelbaset Hamayel was dismissed as a Defendant in this cause of action. This request is overly broad and will not lead to any relevant discoverable information in that any records for employment of Mr. Hamayel in possession of the Respondent is well after entry of the Boim Judgement was issued.

4. Request 5 of Plaintiff's subpoena addressed to the Bridgeview Mosque:*" All documents regarding services performed by Mohammed Chehade."*

As stated above, Plaintiff issued two duplicate subpoenas, one addressed to the Mosque Foundation and one to the Bridgeview Mosque. The Bridgeview Mosque subpoena included this request. This blanket request is ambiguous and not relevant. Any documents that would comply with this request are irrelevant since all the documents that would be produced were generated and kept after the judgment in favor of Plaintiff. This information will not establish nor refute that the Defendants are alter egos of the Boim Defendants.

5. Request 11 of Plaintiff's subpoena: *"All documents related to any employment, volunteer role, leadership role, consulting role, or officer or director position that Rafeeq Jaber has held with the Bridgeview Mosque."*

This request is overly broad and burdensome for the Respondent to track down as it does not list parameters such as time, date, and duties. Rafeeq Jaber is a party to this cause of action, and the requested information can be obtained from him. It would be easier for Mr. Jaber to comply with said request than Respondent.

6. Request 14 of Plaintiff's subpoena: *"All documents concerning any donations you have received from Middle East Financial Services."*

This request is irrelevant because the Respondent and Middle East Financial Services are not named Defendants, and any information received will not establish or negate that Defendants are the alter ego of the Boim Defendants. The request is overly burdensome and vague. The Respondent must review seven years of donation records to comply with this request. The Respondent is a well-established entity in the Muslim community and receives many donations from individuals and businesses in the community. This information can be obtained directly through Middle East Financial Services since it would be less burdensome for them.

B. The following requested documents do not exist.

The Mosque Foundation cannot comply with the following requests as the documents do not exist.

Plaintiff request 3 is *"All documents regarding services performed by Rafeeq Jaber or Jaber Financial Services for the Mosque Foundation.* Rafeeq Jaber or Jaber Financial Services never performed services for the Respondent. Request 5 is *"All communication discussing IAP, AMS, AMP, or AJP."* Respondent does not have an electronic or other communications retention policy. Request 7 *"All documents concerning any charitable events, dinners, or fundraisers in*

6

*which you had involvement that also involved Middles East Financial services."* This blanket

request is ambiguous and overburdensome. Additionally, the Respondent has no retention policy

for said documents if they ever existed.

Request 9 *"All documents concerning any payments made to Middle East Financial*

*Services.* Respondent does not recall making any payments to Middle East Financial Services

and said records do not exist.

Plaintiff's request 13 is *" All documents concerning any donation you received from IAP,*

*AMS, AMP, or AJP."* Respondent does not recall receiving donations from the listed entities, and

said documents do not exist. Respondent cannot comply with the following two requests as said

records do not exist. Request 15 *"All documents concerning any donations you made to or*

*solicited in favor of IAP, AMS, AMP, or AJP"* and Request 16 *"All documents concerning any*

*donations you have made directed to or transferred to Kind Hearts, the Holy Land Foundation,*

*Benevolence International Foundation, Vivia Palestina, and Global Relief Foundation.*

C.  The following request are duplicative.

The following request is duplicative, and the Respondent cites the same objection

to the previous requests already made by Plaintiff. Request 10 is *"All documents concerning*

*payments you made to Abedlbasset Hamayel."* This is the same request as request 4, and the

Respondent incorporates it's previously stated objection to request 4 for request 10.  Request 12

is *" All documents related to any employment, volunteer role leadership role, consulting role,*

*professional services role, or officer or director position that Abedlbaseet Hamayel had held*

*with the Bridgeview Mosque."* This is the same request as request 4, and Respondent

incorporates its previously stated objection to request 4 for request 12. Request 8 *All documents*

*concerning any payment you made to Rafeeq Jaber or Jaber Financial Services* are duplicative

of request 3. The Mosque Foundation incorporates its objection to request 3 as the objection to request 8.

D.  The Mosque Foundation is requesting this Honorable Court enter a protective order precluding the Plaintiff from including the Mosque Foundation in discovery for this matter.

The Mosque Foundation moves this Honorable Court for entry of a protective order forbidding the enforcement of the subpoena in question and subjecting the Mosque Foundation to further discovery procedures. The information sought is not relevant, is unduly burdensome, and is intended solely to harass. As stated in the attached certification, counsel for the Mosque Foundation has reached out to Plaintiff's counsel several times to resolve differences about the subpoena to no avail.

**CONCLUSION**

An order quashing the duplicate subpoenas issued to the Mosque Foundation is appropriate. An entry of a protective order is necessary since the requests are overly broad, unduly burdensome, unlikely to lead to any relevant discoverable evidence, and are solely to harass.

**WHEREFORE,** the Mosque Foundation requests this Honorable Court grant its motion to quash the subpoena and move for a protective order.


/s/ Zaid Abdallah                                         /s/ Bassam Abdallah
Abdallah Law                                                 Abdallah Law
16345 Harlem Ave Suite 250                   16345 Harlem Ave Suite 250
Tinley Park Illinois 60477                     Tinley Park Illinois 60477
312.229.0008                                                 312.229.0008
zaid@abdallah-law.com                            Bassam@abdallah-law.com

Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Illinois

Stanley Boim, Individually and as Administrator of the
Estate of David Boim, Deceased, and Joyce Boim,

*Plaintiff*

v.

American Muslims for Palestine; Americans for Justice
in Palestine Educational Foundation; Rafeeq Jaber

*Defendant*

)
)
)
)
)
)
)

Civil Action No.   17-CV-03591

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
The Mosque Foundation
7360 W 93rd Street
Bridgeview, IL 60455
c/o Jamal Said

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Rider

| Place: | Date and Time: |
|---|---|
| 311 S. Wacker Drive, Suite 2150 Chicago, IL 60606 | October 3rd, 2022 at 10:00am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   September 9, 2022

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ Seth H. Corthell
_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Stanley Boim, , who issues or requests this subpoena, are:

Seth Corthell, 311 S. Wacker Dr., Suite 2150, Chicago, IL 60606, scorthell@jaszczuk.com, (312) 442-0401

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:19-CV-06318

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

    ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

                                  _____
                                          *Server's signature*

                                  _____
                                        *Printed name and title*

                                  _____
                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Rider to Subpoena to the Mosque Foundation

1.    All documents listing or recording the directors and officers of the Mosque Foundation from 2000 to date.

2.    All organizational charts or other documents reflecting the positions within the Mosque Foundation, the Bridgeview Mosque or the Mosque Community Center and the persons occupying those positions from 2000 to date.

3.    All documents regarding services performed by Rafeeq Jaber or Jaber Financial Services for the Mosque Foundation.

4.    All documents regarding services performed by Abdelbasset Hamayel for the Mosque Foundation.

5.    All documents regarding services performed by Mohamed Chehade for the Mosque Foundation.

6.    All communications (including Emails, Google, Yahoo or other messaging application communications) discussing IAP, AMS, AMP or AJP.

7.    All documents concerning any charitable events, dinners, or fundraisers in which You had any involvement (whether as a sponsor, partner, donor, or supporter) that also involved IAP, AMS, AMP, or AJP (whether as a sponsor, partner, donor, or supporter).

8.    All documents concerning any charitable events, dinners, or fundraisers in which You had any involvement (whether as a sponsor, partner, donor, or supporter) that also involved Middle East Financial Services.

9.    All documents concerning any payments you made to Rafeeq Jaber or Jaber Financial Services.

10.     All documents concerning any payments you made to Middle East Financial Services.

11.     All documents concerning any payments you made to Abdelbasset Hamayel.

12.     All documents related to any employment, volunteer role, leadership role, consulting role, professional services role, or officer or director position that Rafeeq Jaber has held with the Mosque Foundation at any time.

13.     All documents related to any employment, volunteer role, leadership role, consulting role, professional services role, or officer or director position that Abdelbasset Hamayel has held with the Mosque Foundation at any time.

14.     All documents concerning any donations You have received from IAP, AMS, AMP, or AJP.

15.     All documents concerning any donations You have received from Middle East Financial Services.

16.     All documents concerning any donations You have made to or solicited, transferred or directed to IAP, AMS, AMP, or AJP.

17.     All documents concerning any donations You have made to or solicited transferred or directed to KindHearts, Benevolence International Foundation, Viva Palestina, and the Global Relief Foundation, either directly or indirectly.

### Definitions

1.     The terms "document" and "documents" are used in the broadest possible sense contemplated by Rules 26 and 34 of the Federal Rules of Civil Procedure and this Court's Local Rules and refer to physical documents, communications, electronically stored information, and other tangible things, including writings, drawings, graphs, charts, photographs, sound

recordings, images, and other data or data compilations, stored in any medium from which information can be obtained directly or, if necessary, after translation by the responding party into a reasonably usable form.

2.     The term "AMP" refers to American Muslims for Palestine. A California corporation that is now listed as suspended on the California Secretary of State website. American Muslims for Palestine is now the d/b/a of Americans for Justice in Palestine Educational Foundation.

3.     The term "AJP" refers to Americans for Justice in Palestine Educational Foundation doing business as American Muslims for Palestine. AJP is a 501(c)(3) tax-exempt organization incorporated in California and is located at 6404 Seven Corners Place, Suite N, Falls Church, VA 22044-2034.

4.     Middle East Financial Services means Middle East Financial Services, Inc., an entity located at 7323 W. 87th St., Bridgeview, IL 60455.

5.     The term "IAP" refers to the Islamic Association for Palestine.

6.     The term "AMS" refers to the American Muslim Society.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | |
|---|---|
| Stanley Boim, Individually and as Administrator of the Estate of David Boim, Deceased, and Joyce Boim, <br> *Plaintiff* | ) ) ) |
| v. | ) ) Civil Action No. 17-CV-03591 |
| American Muslims for Palestine; Americans for Justice in Palestine Educational Foundation; Rafeeq Jaber <br> *Defendant* | ) ) ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: The Bridgeview Mosque
7360 W 93rd Street
Bridgeview, IL 60455
c/o Jamal Said

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Rider

| Place: <br> 311 S. Wacker Drive, Suite 2150 <br> Chicago, IL 60606 | Date and Time: <br> October 3rd, 2022 at 10:00am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: Sept. 9, 2022

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ <br> *Signature of Clerk or Deputy Clerk* | | /s/ Seth H. Corthell <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Stanley Boim,
_____ , who issues or requests this subpoena, are:
Seth Corthell, 311 S. Wacker Dr., Suite 2150, Chicago, IL 60606, scorthell@jaszczuk.com, (312) 442-0401

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:19-CV-06318

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $        0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Rider to Subpoena to the Bridgeview Mosque

1.    All documents recording or listing the officers and directors of the Bridgeview Mosque from 2000 to date.

2.    All organizational charts or other documents reflecting the positions within the Bridgeview Mosque, the Mosque Foundation or the Mosque Community Center and the persons occupying those positions from 2000 to date

3.    All documents regarding services performed by Rafeeq Jaber or Jaber Financial Services for the Bridgeview Mosque.

4.    All documents regarding services performed by Abdelbasset Hamayel for the Bridgeview Mosque.

5.    All communications (including Emails, Google, Yahoo or other messaging application communications) discussing IAP, AMS, AMP or AJP.

6.    All documents concerning any charitable events, dinners, or fundraisers in which You had any involvement (whether as a sponsor, partner, donor, or supporter) that also involved IAP, AMS, AMP, or AJP (whether as a sponsor, partner, donor, or supporter).

7.    All documents concerning any charitable events, dinners, or fundraisers in which You had any involvement (whether as a sponsor, partner, donor, or supporter) that also involved Middle East Financial Services.

8.    All documents concerning any payments you made to Rafeeq Jaber or Jaber Financial Services.

9.    All documents concerning any payments you made to Middle East Financial Services.

10.    All documents concerning any payments you made to Abdelbasset Hamayel.

11.     All documents related to any employment, volunteer role, leadership role, consulting role, professional services role, or officer or director position that Rafeeq Jaber has held with the Bridgeview Mosque at any time.

12.     All documents related to any employment, volunteer role, leadership role, consulting role, professional services role, or officer or director position that Abdelbasset Hamayel has held with the Bridgeview Mosque at any time.

13.     All documents concerning any donations You have received from IAP, AMS, AMP, or AJP.

14.     All documents concerning any donations You have received from Middle East Financial Services.

15.     All documents concerning any donations You have made to or solicited in favor of IAP, AMS, AMP, or AJP.

16.     All documents concerning any donations You have made, directed or transferred to KindHearts, the Holy Land Foundation, Benevolence International Foundation, Viva Palestina, and the Global Relief Foundation.

## Definitions

1.     The terms "document" and "documents" are used in the broadest possible sense contemplated by Rules 26 and 34 of the Federal Rules of Civil Procedure and this Court's Local Rules and refer to physical documents, communications, electronically stored information, and other tangible things, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained directly or, if necessary, after translation by the responding party into a reasonably usable form.

2.      The term "AMP" refers to American Muslims for Palestine. A California corporation that is now listed as suspended on the California Secretary of State website. American Muslims for Palestine is now the d/b/a of Americans for Justice in Palestine Educational Foundation.

3.      The term "AJP" refers to Americans for Justice in Palestine Educational Foundation doing business as American Muslims for Palestine. AJP is a 501(c)(3) tax-exempt organization incorporated in California and is located at 6404 Seven Corners Place, Suite N, Falls Church, VA 22044-2034.

4.      Middle East Financial Services means Middle East Financial Services, Inc., an entity located at 7323 W. 87th St., Bridgeview, IL 60455.

5.      The term "IAP" refers to the Islamic Association for Palestine.

6.      The term "AMS" refers to the American Muslim Society.



## Document Recordkeeping & Retention Policies

September 6, 2012

This retention policy lists what type of documentations the Mosque Foundation will retain, for how long, and under whose responsibility.

| Document Type | Retention Period | Retained By |
|---|---|---|
| Deeds, purchases of properties, special contracts, and bills of sale | Permanently | M. Mowla |
| Articles of Incorporation and bylaws | Permanently | M. Mowla |
| Application for Exemption | Permanently | M. Mowla |
| Determination Letter from the IRS Form 1023 | Permanently | M. Mowla |
| Minutes of Board & Executive Committee meetings | Permanently | Sh. J. Said |
| Policies and Corporate Resolutions | Permanently | Sh. J. Said |
| Annual Reports to Sec. of State | Permanently | Sh. J. Said |
| Accounts payable ledgers and schedules | 7 Years | M. Mowla |
| Accounts receivable ledgers and schedules | 7 Years | M. Mowla |
| Internal & external financial audit reports | Permanently | M. Mowla |
| Bank Statements | 7 years | M. Mowla |
| Receipts | 7 years | M. Mowla |
| Canceled Checks | 7 years | M. Mowla |
| Contracts and leases | 7 years | M. Mowla |
| Employment Taxes and payroll records | 7 years | M. Mowla |
| Personnel files | Permanently | Sh. J. Said |
| Retirement and pension records | Permanently | M. Mowla |
| Insurance policies, records and accident claims | Permanently | M. Mowla |
| Legal Correspondence | Permanently | Sh. J. Said |

**EXHIBIT C**



| | | |
|---|---|---|
| Marriage & Divorce contracts | Permanently | T. Abu-Ammer |
| Donation records | 7 Years | M. Mowla |
| End-of-Year Financial statements | Permanently | M. Mowla |
| General Assembly Minutes | Permanently | Sh. J. Said |
| Bank Statements | 7 Years | M. Mowla |
| Zakat Applications & Payments (electronics for details & printed summary reports) | 4 Years | T. Abu-Ammer |
| Weekend school records | 7 Years | School Administrator |
| Actual invoices and Petty Cash vouchers | 4 Years | M. Mowla |

## Attempts To Resolve Differences

Zaid Abdallah and Bassam Abdallah, counselors for the Mosque Foundation, attempted to resolve differences in good faith with counsel for the Plaintiffs, Seth Corthell, regarding this subpoena. Zaid Abdallah had two phone conferences with Seth Corthell. In addition, Zaid Abdallah sent eight e-mails on the following dates: October 20, October 25, October 26, October 27, and October 31. Also, Zaid Abdallah sent a letter via e-mail to Mr. Corthell, including answering every numbered request of the aforementioned subpoena. (*See attached correspondence*) Furthermore, Zaid Abdallah sent the retention policy for the Mosque Foundation on October 26, 2022, via e-mail. (*See attached Retention Policy*) The parties could not reach an agreement without the help of the Court.

Wherefore, the Respondent Mosque Foundation pray that this Court quash or modify the Subpoena served on the Mosque Foundation and further pray for a protective order to protect the Mosque Foundation from the discovery that is unduly burdensome and not relevant in this matter.

Respectfully submitted,

By:    /s/ Zaid Abdallah
    One of the Attorneys for Respondent

By:    /s/ Bassam Abdallah
    One of the Attorneys for Respondent

Zaid Abdallah (ARDC No.6298186 )
Bassam Abdallah (ARDC No. 6295675)
Abdallah Law, LLC.
16354 Harlem Ave Ste 250
Tinley Park, IL 60467
312-229-0008



Date:    10/24/22

To:      Seth Corthell

Via Email:  scorthell@jaszczuk.com

RE: Stanley Boim v. American Muslims for Palestine et al.  17 CV 03591, Mosque Foundation
Subpoena.


        Mr. Corthell, it was a pleasure speaking to you over the phone.  This correspondence outlines our

objection to the subpoenas served on the Mosque Foundation.  Our first objection is that you served two

duplicate subpoenas on our client. One addressed to Mosque Foundation and one to the Bridgeview

Mosque. They are identical except that the Bridgeview Mosque subpoena lists and additional requests for

records about an employee of the Mosque Foundation Mohammed Chehade.  Our first request is that you

withdraw one of the said subpoenas.

Below is our objection and or concerns to the itemized request.

1.  *All documents listing or recording the directors and officers of Mosque Foundation from 2000 to*
    *date.*

        The request is overburdensome since you are asking for over twenty years worth of documents.

Additionally, the term all document is vague and makes it extremely difficult to comply. Furthermore, we

believe that documents post-dating the original cause of action in 2004 are irrelevant and akin to a fishing

expedition. Please inform us precisely what you hope this information may lead to, and then we can

discuss what we have in our possession. We feel that this request is unlikely to lead to the discovery of relevant information and is to harass The Mosque Foundation and its employees.

2. *All organizational charts or other documents reflect positions within the Mosque Foundation, the Bridgeview Mosque, or the Mosque Community Center and the persons occupying those positions from 2000 to date.*

This blanket request of "all documents and charts" is beyond ambiguous. The Mosque Foundation's corporate structure, including identifying the Board of directors, Officers, and various employees, is overly broad, not relevant to the present cause of action, nor calculated to lead to the discovery of admissible evidence.

3. *All documents regarding service performed by Rafeeq Jabar or Jabar Financial services for the Mosque Foundation.*

Rafeeq Jabar or Jabar Financial has never done any work in the past, present, or in the future for the Mosque Foundation.

4. *All documents regarding the services performed by Abedlbasset Hamayel*

This request is broad and makes it difficult to comply. The subpoena must have a time frame and ask for specific services rendered by Mr. Hamayel for Mosque Foundation. Any documents that would comply with this request are irrelevant since all the documents would be recorded after the entry of the judgment in favor of your client.

5. *All communication discussing IAP, AMS, AMP, or AJP.*

This blanket request is ambiguous and overburdensome. You can obtain said information from the Defendants in this cause of action. Additionally, the Mosque Foundation has no retention policy for electronic communication; therefore, we could not comply even if we understood the vague request.

6. *All documents regarding services performed by Mohammed Chehade. ( This is listed as request 5 on the subpoena addressed to the Bridgeview Mosque).*

This request is broad and makes it difficult to comply. The subpoena must have a time frame and ask for specific services rendered by Mr. Cheade for Mosque Foundation. Any documents that would comply with this request are irrelevant since all the documents would be recorded after the entry of the judgment in favor of your client.

7. *All documents concerning any charitable events, dinners, or fundraisers in which you had Involvement that also involved Middle East Financial Services.*

This blanket request is ambiguous and overburdensome. These documents can be obtained by sending a subpoena to Middle East Financial Services. Additionally, the Mosque Foundation has no retention policy for said documents if they ever existed.

8. *All documents concerning any payment you made to Rafeeq Jaber or Jaber Financial Services.*

These records do not exist.

9. *All documents concerning any payment you made to Middle East Financial Services.*

These records do not exist.

10. *All documents concerning any payments you made to Abdelbasset Hamayel.*

This request is broad and makes it difficult to comply. The subpoena must have a time frame and ask for specific services rendered by Mr. Hamayel for Mosque Foundation. Any documents that would comply with this request are irrelevant since all the documents would be recorded after the entry of the judgment in favor of your client.

11. *All documents related to any employment, volunteer role, leadership role, consulting role, professional services role, or officer or director position that Rafeeq Jaber has held with the Bridgeview Mosque at any time.*

This request is overly burdensome and is not relevant. This information can be obtained by the named defendant Rafeeq Jaber. Additionally, this request lacks perimeters such as time and date.

*12. All documents related to any employment, volunteer role, leadership role, consulting role, professional services role, or officer or director position that Abedlbasset Hamayel had held with the Bridgeview Mosque.*

This is a duplicate request as it requests the same documents as request number 4.

*13. All documents concerning any donation you received from IAP, AMS, AMP, or AJP.*

The Mosque Foundation does not recall receiving donations from said entities and said records do not exist.

*14. All documents concerning any donations you have received from Middle East Financial Services.*

The request is overly burdensome and vague. Please provide exact dates and times. This information can also be obtained through a subpoena to Middle East Financial Service.

*15. All documents concerning any donations you have made to or solicited in favor of IAP, AMS, AMP, or AJP.*

Does not exist.

*16. All documents concerning any donations you have made directed or transferred to Kind Hearts, the Holy Land Foundation, Benevolence International Foundation, Viva Palestina, and Global Relief Foundation.*

Does not exist.

The two subpoenas subject our client to an undue burden and is designed to harass our client. Please narrow your requests and restrict your request to relevant information in your case instead of engaging in a fishing expedition.

/s/ Zaid Abdallah                                         /s/ Bassam Abdallah

Zaid Abdallah                                              Bassam Abdallah

Abdallah Law                                               Abdallah Law