**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STANLEY BOIM, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF DAVID BOIM, DECEASED, AND JOYCE BOIM, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN MUSLIMS FOR PALESTINE; AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; AND RAFEEQ JABER | Case No. 22 CV 06085 <br><br> Hon. Andera R. Wood |

**RESPONDENT'S OBJECTION TO MAGISTRATE'S RECOMMENDATION DENYING RESPONDENT'S MOTION TO QUASH SUBPOENA**

Now comes the Mosque Foundation (hereinafter Respondent) pursuant to 28 USC 636 (b) (1) and Federal Rules of Civil Procedure 72 (b) (2) objects to Magistrate Heather K. McShain's (herein after Magistrate Court) recommendation that this Court deny the motion to quash plaintiffs' subpoena. In support of this, the Respondent states as follows:

**INTRODUCTION**

In 2000, Stanley and Joyce Boim (hereinafter Plaintiffs) filed a cause of action for the untimely death of their son David Boim. Plaintiffs were awarded a 156-million-dollar judgment against the Holy Land Foundation, The American Muslim Society (hereinafter AMS), and Islamic Association for Palestine (hereinafter, IAP). Plaintiffs could not collect most of the judgment because the said Defendants ceased to exist. Plaintiffs filed a declaratory action under case number 17 CV 03591 in which the Plaintiffs are requesting a declaration that American

1

Muslims for Palestine (hereinafter AMP), Americans Justice in Palestine Educational Foundation (hereinafter AJP), and Rafeeq Jaber are alter egos of the Holy Land Foundation, IAP, and AMS.

Plaintiffs served a subpoena on Respondent and the parties were able to resolve all but two of seventeen requests of the subpoena. SEE ATTACHED EXHIBIT A. (a true and correct copy of Plaintiffs' subpoena is attached) The Respondent proceeded with its motion to quash Plaintiffs' subpoena. The only outstanding issue from Plaintiffs' subpoena is the request for the Respondent's meeting minutes. Plaintiffs seek to identify who served on the board of directors of Respondent from 2000 until the present day. The parties have conferred and agreed that the Respondent's retention policy began in 2013 and only has the meeting minutes from 2013 until the present day. Plaintiffs assert that these documents would be responsive to requests one and two of their subpoena. Plaintiffs produced 48 search terms which are NOT included in their subpoena. SEE ATTACHED EXHIBIT B. (a true and correct copy of the proposed search terms is attached.)

Magistrate Court recommends that this Court deny the Respondent's motion to quash the Plaintiffs' subpoena. Additionally, Magistrate Court is recommending that Respondent run search terms against its organizational email accounts for terms NOT included in Plaintiff's subpoena. Said recommendation was served on the parties on September 25th, 2023. (Dkt 34).

This Honorable Court should reject the recommendation of Magistrate Court because the meeting minutes are not relevant to the case at bar and producing said minutes would be unduly burdensome on the nonparty Respondent. This Honorable Court should reject Magistrate Court's recommendation to order the Respondent to run a search for the forty-eight terms since this request is not included in Plaintiff's subpoena and since these terms are designed to harass and embarrass Respondent.

## **DISCUSSION**

The standard of review this Court must employ in deciding this motion is DeNovo. *28 USC § 636 (C).* This motion is timely as Respondent was served with the recommendation on September 25th, 2023. (Dkt. 34).

This Court should reject the recommendation of Magistrate Court since the meeting minutes sought by the Plaintiff are not relevant to the case at bar, to produce said minutes would be unduly burdensome, and there is a less intrusive and burdensome way to obtain the information the Plaintiff seeks. This Court should reject the recommendation that Respondent run a search for terms included in Exhibit B because said search was never requested in Plaintiffs' subpoena and they are designed to harass and embarrass the Respondent.

1. *This Court should not order Respondent to produce the meeting minutes because they are not relevant, there is a less intrusive means for Plaintiffs to discover said information, and the production is unduly burdensome.*

The information contained in the meeting minutes is not relevant to this matter. Magistrate Court states that the Respondent's argument that the information in the meeting minutes is not relevant to this matter is without merit. SEE ATTACHED EXHIBIT C p. 8 ¶ 3-5. (a true and correct copy of the transcript of Magistrate Judge McShain's ruling is attached.) This is not true. There are many members from the Muslim Community who served on the Respondent's board in a volunteer status. The identity of all these individuals is not relevant to this case. Additionally, Magistrate Court found that the minutes will contain information that is not responsive to the Plaintiff's subpoena. SEE EXHIBIT C p. 15 ¶ 19-25.

The Respondent has offered and maintained the fairest manner to furnish the information sought from the meeting minutes is for the Plaintiff to give Respondent a list of names that they are looking for and Respondent will inform the Plaintiff if said member ever served for the

3

Respondent as director and or officer. Plaintiffs state in their opposition to the Respondent's motion to quash "the Foundation's proposal assumes that the Boims currently are aware of every individual with significant involvement in IAP, AMP, and the Foundation." (Dkt 20 p. 8) Here the Plaintiffs concede that they do not know who they are looking for in said minutes. This is a classic fishing expedition when a party is making a request and doesn't know what information will turn up. Respondent is not asking the Plaintiff to guess who served on the board. The Respondent is simply asking the Plaintiffs to furnish a list of any individuals who served in a leadership role in IAP, AJP, and AMP and they can confirm whether any of these members served on the board. The Plaintiffs have been involved in this case for over two decades and know which individuals they are looking for that would create an overlap between IAP, AJP, and AMP. Additionally, they obtained a judgment against the Defendants (IAP, AJP, and the Holy Land Foundation) in the original suit so they know the identity of the significant individuals in their suit. Respondent should not be burdened with the task of collecting ten years' worth of meeting minutes and redacting non-responsive information because the Plaintiffs are taking a stab in the dark.

There is no reason that Respondent a nonparty should be treated as a party and have to produce of all its meeting minutes for the last ten years.

> " use of subpoenas to obtain that evidence is not unlimited, [**9] especially when the target is a nonparty. Under the Federal Rules of Civil Procedure, the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs. *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998). Relevance alone is not outcome determinative. Accordingly, the attorney choosing to issue "a subpoena must take reasonable steps to avoid imposing undue burden or

4

expense on a person subject to the subpoena." Rule 45(d)(1*). " Rossman v. EN Engineering, LLC,* 467 F. Supp. 3d 586, 590 (N.D. Ill. 2020)

Respondent is not a party to the suit and the Plaintiffs must take reasonable steps to avoid an undue burden on the Respondent. If this Court finds the information sought by Plaintiffs is relevant, they should modify the subpoena to require the Plaintiffs to provide names to the Respondent to check against the minutes. Plaintiffs' argument that they do not know whom they are looking for should not force Respondent to undertake the burden of searching, compiling, and redacting ten years' worth of meeting minutes.

Factors to be considered when determining whether a subpoena is unduly burdensome include non-party status, relevance, the issuing party's need for the discovery, and the breadth of the request*. Uppal v. Rosalind Franklin University of Medicine & Science*, 124 F. Supp. 3d 811, 813 (N.D. Ill. 2015). As to the first factor, the respondent is a nonparty. This factor is given special weight. *Rossman* at 590. This factor is resolved in favor of the Respondent. It is clear Respondent is not and never was a party to this action.

As to the factor of relevancy, Respondent will rely on the relevancy argument made above. It is the position of Respondent the minutes contain information that is not relevant to the suit and as stated above there is a less intrusive means of providing the Plaintiff with relevant information contained in the minutes if such information exists.

The Plaintiff is seeking to identify any other individuals who have held prominent roles at the Mosque Foundation as well as IAP/ AMS and AMP/AJP. (Dkt p 5 ¶ 1). The Plaintiffs do not need the Mosque Foundation's minutes to make this determination. They have been involved in this litigation for over two decades and obtained a judgment, they know individuals who held prominent roles at IAP, AMS, AJP, and AMP. If they want to discover any cross over with the

Mosque Foundation, they can furnish whatever names they want and the Respondent can check the meeting minutes to see if any of those individuals served on the board of the Mosque Foundation. The minutes mostly contain information that is not responsive to the subpoena, so the Plaintiffs do not need the minutes. Respondent is willing to check the minutes for the information that they seek.

The breadth of the request is great. The Plaintiffs request a decade's worth of meeting minutes. Additionally, not all the meeting minutes are stored electronically. SEE ATTACHED EXHIBIT D. (a true and correct copy of the affidavit of Oussamma Jammal is attached). Furthermore, most have the minutes have not been reviewed for years. See Exhibit D. The breadth of time is great since it spans over a decade.

All aforementioned factors are resolved in favor of the Respondent and therefore this Court should not accept the recommendation of the Magistrate Court.

2. *This Court should reject Judge McShain's recommendation that Respondent run a search for terms included in Exhibit B because said search was never requested in Plaintiff's subpoena and they are designed to harass and embarrass the Respondent.*

The Magistrate Court improperly overlooked the argument of the Respondent that the forty-eight search terms are not included in the Plaintiffs' subpoena and therefore the Respondent should not be ordered to run a search for said terms. Respondent in the spirit of cooperation ran a search for the following terms at the request of Plaintiffs, IAP, AMS, AMP, AJP, Rafeeq Jaber, Middle East Financial Services, Kind Hearts, the Holy Land Foundation, Benevolence International Fund, Viva Palestina, and Global Relief Foundation. The search resulted in responsive documents that Respondent tendered to Plaintiffs.

Plaintiffs then asked the Respondent to run a search for the terms included in Exhibit B. The Magistrate Court incorrectly found that the 48 search terms were included in this subpoena.

See Exhibit C p. 10 ¶ 20. Most of the search terms in Exhibit B are not included in the Subpoena. The terms Hamas, Muslim Brotherhood, Galloway, Terror, Suicide, Abuirshaid, Abu Irshaid, Irshaid, Al-Meezan, Al-Zaytouna, Mustapha, Kifa, Jamal Said, Prime Furniture, Sarsour, al-khatib, Sufian, Nabhan, Hanooti, Tayeh, Odeh, Daoud, Shanin, Baitumaal, Islamic Relief, Muslim Relief, Holy Land, Bazian, Munjed, Mustaha, Daoud, and Samirah. Thirty-four of the forty-eight terms are not included in their Subpoena and the Respondent is under no legal duty to run a search for said terms.

      The other fourteen terms are terms that are included in the Plaintiffs' subpoena are different variations of the eleven search terms that the Respondent has run a search for and tendered responsive documents immediately after the search.

      The Magistrate Court found that the Respondent did not make a detailed argument on how these terms were intended to harass the Respondent. This is true because the search terms were not included in the subpoena. Additionally, the request for these search terms were not made until after Respondent filed its motion to quash the subpoena.

      The Respondent did not put a hard stop on the search terms until it reviewed the list of terms, and they were intended to harass. The search terms such Hamas, Terror, Muslim Brotherhood, and suicide are designed to harass the Respondent because it is a Muslim institution. The Respondent provides counseling to individuals who are in crisis, emails involving the term suicide can yield emails that involve sensitive information for members of the Mosque Foundation receiving counseling.

The Plaintiff asks that Respondent search the following terms which are not relevant and intended to harass the Respondent. These terms are Galloway, Sarsour, and Zionist. These terms are attempting to harass Respondent based on their political beliefs. Respondent's relation and or opinion if any of Geroge Galloway, Linda Sarsour, and Zionism is in no way relevant to the question of whether AMP is the alter ego of IAP.

Another example of the Plaintiffs' intention to harass and request irrelevant information is when they requested a search for the following terms Mosque Foundation and Jamal Said. Every email account for Respondent has the term Mosque Foundation in its signature line. A search for this term not only will yield a result for every email sent by Respondent it will also yield a result for every document on the Mosque Foundation letterhead. To tender all the documents that state the Mosque Foundation is overburdensome and is clearly a fishing expedition. There is no way every document that includes the term Mosque Foundation in possession of Respondent is responsive to Plaintiffs' subpoena. The same is true for the term Jamal Said. Jamal Said is the director of the Mosque Foundation and handles many tasks for Respondent. There will be a voluminous number of documents that are not responsive that include this search term. Additionally, these terms do nothing to answer the question of whether AMP is the alter ego of IAP. The Plaintiffs know that the Mosque Foundation exists and that the director of the Mosque Foundation is Jamal Said. There is no relevant information to be gained by running a search for terms that will yield practically every document in possession of Respondent.

The main argument against these search terms is the great majority of these terms are not included in the Plaintiffs' subpoena. Respondent should not be ordered to run these search terms because they are not listed in the subpoena. Furthermore, for the reason stated above the great majority of these search terms are intended to harass and burden Respondent.

## CONCLUSION

This Court should reject the Magistrate Court's recommendation since the meeting minutes contain information that is not responsive to the Plaintiffs' subpoena and not relevant to this case. Additionally, as a non-party, the Respondent should not be placed under an undue burden to comply with the subpoena. Plaintiffs should provide a list of individuals that Respondent can confirm or deny if they served in any prominent role with the Mosque Foundation by checking its minutes.

Respondent should not be ordered to run a search of the 48 search terms that are not included in the subpoena. Respondent ran a search of terms included in the subpoena and has satisfied its obligation. Additionally, the terms included in the list of 48 terms are designed to harass and overburden the respondent.

**WHEREFORE**, the Respondent Mosque Foundation prays that this Honorable Court enter an order quashing the Plaintiffs' subpoena.

/s/ Zaid Abdallah
Counsel for Respondent
15127 S. 73rd Ave Suite E
Orland Park Illinois 60462
312.229.0008
Zaid@Abdallah-Law.com

9