Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | |
|---|---|
| Stanley Boim, Individually and as Administrator of the Estate of David Boim, Deceased, and Joyce Boim, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 17-CV-03591 |
| American Muslims for Palestine; Americans for Justice in Palestine Educational Foundation; Rafeeq Jaber | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
The Mosque Foundation
7360 W 93rd Street
Bridgeview, IL 60455
c/o Jamal Said

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Rider

| Place: 311 S. Wacker Drive, Suite 2150 Chicago, IL 60606 | Date and Time: October 3rd, 2022 at 10:00am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: September 9, 2022

| *CLERK OF COURT* | OR | /s/ Seth H. Corthell |
|---|---|---|
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Stanley Boim, _____, who issues or requests this subpoena, are:

Seth Corthell, 311 S. Wacker Dr., Suite 2150, Chicago, IL 60606, scorthell@jaszczuk.com, (312) 442-0401

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:19-CV-06318

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00

I declare under penalty of perjury that this information is true.

Date: _____            _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Rider to Subpoena to the Mosque Foundation

1. All documents listing or recording the directors and officers of the Mosque Foundation from 2000 to date.

2. All organizational charts or other documents reflecting the positions within the Mosque Foundation, the Bridgeview Mosque or the Mosque Community Center and the persons occupying those positions from 2000 to date.

3. All documents regarding services performed by Rafeeq Jaber or Jaber Financial Services for the Mosque Foundation.

4. All documents regarding services performed by Abdelbasset Hamayel for the Mosque Foundation.

5. All documents regarding services performed by Mohamed Chehade for the Mosque Foundation.

6. All communications (including Emails, Google, Yahoo or other messaging application communications) discussing IAP, AMS, AMP or AJP.

7. All documents concerning any charitable events, dinners, or fundraisers in which You had any involvement (whether as a sponsor, partner, donor, or supporter) that also involved IAP, AMS, AMP, or AJP (whether as a sponsor, partner, donor, or supporter).

8. All documents concerning any charitable events, dinners, or fundraisers in which You had any involvement (whether as a sponsor, partner, donor, or supporter) that also involved Middle East Financial Services.

9. All documents concerning any payments you made to Rafeeq Jaber or Jaber Financial Services.

10.     All documents concerning any payments you made to Middle East Financial Services.

11.     All documents concerning any payments you made to Abdelbasset Hamayel.

12.     All documents related to any employment, volunteer role, leadership role, consulting role, professional services role, or officer or director position that Rafeeq Jaber has held with the Mosque Foundation at any time.

13.     All documents related to any employment, volunteer role, leadership role, consulting role, professional services role, or officer or director position that Abdelbasset Hamayel has held with the Mosque Foundation at any time.

14.     All documents concerning any donations You have received from IAP, AMS, AMP, or AJP.

15.     All documents concerning any donations You have received from Middle East Financial Services.

16.     All documents concerning any donations You have made to or solicited, transferred or directed to IAP, AMS, AMP, or AJP.

17.     All documents concerning any donations You have made to or solicited transferred or directed to KindHearts, Benevolence International Foundation, Viva Palestina, and the Global Relief Foundation, either directly or indirectly.

## **Definitions**

1.     The terms "document" and "documents" are used in the broadest possible sense contemplated by Rules 26 and 34 of the Federal Rules of Civil Procedure and this Court's Local Rules and refer to physical documents, communications, electronically stored information, and other tangible things, including writings, drawings, graphs, charts, photographs, sound

recordings, images, and other data or data compilations, stored in any medium from which information can be obtained directly or, if necessary, after translation by the responding party into a reasonably usable form.

    2.    The term "AMP" refers to American Muslims for Palestine. A California corporation that is now listed as suspended on the California Secretary of State website. American Muslims for Palestine is now the d/b/a of Americans for Justice in Palestine Educational Foundation.

    3.    The term "AJP" refers to Americans for Justice in Palestine Educational Foundation doing business as American Muslims for Palestine. AJP is a 501(c)(3) tax-exempt organization incorporated in California and is located at 6404 Seven Corners Place, Suite N, Falls Church, VA 22044-2034.

    4.    Middle East Financial Services means Middle East Financial Services, Inc., an entity located at 7323 W. 87th St., Bridgeview, IL 60455.

    5.    The term "IAP" refers to the Islamic Association for Palestine.

    6.    The term "AMS" refers to the American Muslim Society.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:19-CV-06318

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois

| | | |
|---|---|---|
| Stanley Boim, Individually and as Administrator of the Estate of David Boim, Deceased, and Joyce Boim, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 17-CV-03591 |
| American Muslims for Palestine; Americans for Justice in Palestine Educational Foundation; Rafeeq Jaber | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
The Bridgeview Mosque
7360 W 93rd Street
Bridgeview, IL 60455
c/o Jamal Said
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Rider

| Place: 311 S. Wacker Drive, Suite 2150 Chicago, IL 60606 | Date and Time: October 3rd, 2022 at 10:00am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _Sept. 9, 2022_

CLERK OF COURT

OR

_____          /s/ Seth H. Corthell
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Stanley Boim,
_____, who issues or requests this subpoena, are:
Seth Corthell, 311 S. Wacker Dr., Suite 2150, Chicago, IL 60606, scorthell@jaszczuk.com, (312) 442-0401

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:19-CV-06318

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Rider to Subpoena to the Bridgeview Mosque

1.      All documents recording or listing the officers and directors of the Bridgeview Mosque from 2000 to date.

2.      All organizational charts or other documents reflecting the positions within the Bridgeview Mosque, the Mosque Foundation or the Mosque Community Center and the persons occupying those positions from 2000 to date

3.      All documents regarding services performed by Rafeeq Jaber or Jaber Financial Services for the Bridgeview Mosque.

4.      All documents regarding services performed by Abdelbasset Hamayel for the Bridgeview Mosque.

5.      All communications (including Emails, Google, Yahoo or other messaging application communications) discussing IAP, AMS, AMP or AJP.

6.      All documents concerning any charitable events, dinners, or fundraisers in which You had any involvement (whether as a sponsor, partner, donor, or supporter) that also involved IAP, AMS, AMP, or AJP (whether as a sponsor, partner, donor, or supporter).

7.      All documents concerning any charitable events, dinners, or fundraisers in which You had any involvement (whether as a sponsor, partner, donor, or supporter) that also involved Middle East Financial Services.

8.      All documents concerning any payments you made to Rafeeq Jaber or Jaber Financial Services.

9.      All documents concerning any payments you made to Middle East Financial Services.

10.     All documents concerning any payments you made to Abdelbasset Hamayel.

Rider to Subpoena to the Bridgeview Mosque

1.    All documents recording or listing the officers and directors of the Bridgeview Mosque from 2000 to date.

2.    All organizational charts or other documents reflecting the positions within the Bridgeview Mosque, the Mosque Foundation or the Mosque Community Center and the persons occupying those positions from 2000 to date

3.    All documents regarding services performed by Rafeeq Jaber or Jaber Financial Services for the Bridgeview Mosque.

4.    All documents regarding services performed by Abdelbasset Hamayel for the Bridgeview Mosque.

5.    All communications (including Emails, Google, Yahoo or other messaging application communications) discussing IAP, AMS, AMP or AJP.

6.    All documents concerning any charitable events, dinners, or fundraisers in which You had any involvement (whether as a sponsor, partner, donor, or supporter) that also involved IAP, AMS, AMP, or AJP (whether as a sponsor, partner, donor, or supporter).

7.    All documents concerning any charitable events, dinners, or fundraisers in which You had any involvement (whether as a sponsor, partner, donor, or supporter) that also involved Middle East Financial Services.

8.    All documents concerning any payments you made to Rafeeq Jaber or Jaber Financial Services.

9.    All documents concerning any payments you made to Middle East Financial Services.

10.    All documents concerning any payments you made to Abdelbasset Hamayel.

11. All documents related to any employment, volunteer role, leadership role, consulting role, professional services role, or officer or director position that Rafeeq Jaber has held with the Bridgeview Mosque at any time.

12. All documents related to any employment, volunteer role, leadership role, consulting role, professional services role, or officer or director position that Abdelbasset Hamayel has held with the Bridgeview Mosque at any time.

13. All documents concerning any donations You have received from IAP, AMS, AMP, or AJP.

14. All documents concerning any donations You have received from Middle East Financial Services.

15. All documents concerning any donations You have made to or solicited in favor of IAP, AMS, AMP, or AJP.

16. All documents concerning any donations You have made, directed or transferred to KindHearts, the Holy Land Foundation, Benevolence International Foundation, Viva Palestina, and the Global Relief Foundation.

## Definitions

1. The terms "document" and "documents" are used in the broadest possible sense contemplated by Rules 26 and 34 of the Federal Rules of Civil Procedure and this Court's Local Rules and refer to physical documents, communications, electronically stored information, and other tangible things, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained directly or, if necessary, after translation by the responding party into a reasonably usable form.

2.     The term "AMP" refers to American Muslims for Palestine. A California corporation that is now listed as suspended on the California Secretary of State website. American Muslims for Palestine is now the d/b/a of Americans for Justice in Palestine Educational Foundation.

3.     The term "AJP" refers to Americans for Justice in Palestine Educational Foundation doing business as American Muslims for Palestine. AJP is a 501(c)(3) tax-exempt organization incorporated in California and is located at 6404 Seven Corners Place, Suite N, Falls Church, VA 22044-2034.

4.     Middle East Financial Services means Middle East Financial Services, Inc., an entity located at 7323 W. 87th St., Bridgeview, IL 60455.

5.     The term "IAP" refers to the Islamic Association for Palestine.

6.     The term "AMS" refers to the American Muslim Society.

**Search Term List**

- Hamas
- "Muslim Brotherhood"
- IAP
- "Islamic Association for Palestine"
- AMS
- "American Muslim Society"
- Boim
- "Viva Palestina"
- Galloway
- Terror!
- Suicide
- Hamayel
- Abuirshaid
- "Abu Irshaid"
- Irshaid
- "Al-Meezan"
- "Al-Zaytounah"
- "Mosque Foundation"
- "Bridgeview Mosque"
- "Mustapha"
- Kifa
- "Jamal Said"
- "Benevolence International Foundation"
- "Global Relief Foundation"
- Jaber
- "Rafeeq Jaber"
- "Prime furniture"
- Sarsour
- "al-Khatib"
- Sufian
- Nabhan
- Hanooti
- Tayeh
- Odeh
- Daoud
- "Middle East Financial Services"
- MEFS
- Shanin
- Baitumaal
- "Islamic Relief"
- "Muslim Relief"
- Zionist
- "Holy Land"
- Hatem
- Bazian
- Munjed
- Mushtaha
- Samirah
- 

EXHIBIT B

1

```
 1              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                      EASTERN DIVISION

 3   STANLEY BOIM, et al.,              )
                                        )
 4                 Plaintiffs,          )
                                        )  Case No. 22 CV 6085
 5   -vs-                               )
                                        )  Chicago, Illinois
 6   AMERICAN MUSLIMS FOR               )  September 22, 2023
     PALESTINE, et al.,                 )  3:04 p.m.
 7                                      )
                   Defendants.          )
 8
            TRANSCRIPT OF TELEPHONIC PROCEEDINGS - Motion
 9           BEFORE THE HONORABLE HEATHER K. McSHAIN

10   APPEARANCES:

11   For the Plaintiffs:    JASZCZUK P.C.
                            BY:  MR. DANIEL I. SCHLESSINGER
12                               MR. SETH CORTHELL
                            311 South Wacker Drive
13                          Suite 2150
                            Chicago, IL  60606
14
     For the Defendants:    CONSTITUTIONAL LAW CENTER FOR MUSLIMS
15                          IN AMERICA
                            BY:  MS. CHRISTINA A. JUMP
16                          100 North Central Expressway
                            Suite 1010
17                          Richardson, TX  75080

18   For the Respondent:    ABDALLAH LAW
                            BY:  MR. ZAID ABDALLAH
19                          15127 South 73rd Avenue
                            Suite E
20                          Orland Park, IL  60467

21

22   Court Reporter:        AMY M. KLEYNHANS, CSR, RPR, CRR
                            Federal Official Court Reporter
23                          United States District Court
                            219 South Dearborn Street, Room 2318A
24                          Chicago, IL  60604
                            Telephone:  (312) 818-6531
25                          amyofficialtranscripts@gmail.com
```

EXHIBT C

1      (Proceedings heard via telephone:)

2           THE CLERK:  Case No. 22 CV 6085, Boim, *et al*., versus

3    the American Muslims for Palestine, *et al*., for motion

4    hearing.

5           THE COURT:  Good afternoon, counsel.

6           Please state your appearance for the record,

7    beginning with the plaintiff.

8           MR. CORTHELL:  Seth Corthell appearing on behalf of

9    Plaintiff Stanley and Joyce Boim.

10          MR. SCHLESSINGER:  And, Your Honor, Daniel

11   Schlessinger, also appearing on behalf of Mr. and Mrs. Boim.

12          THE COURT:  Thank you.

13          And for defendants, please.

14          MS. JUMP:  Your Honor, this is Christina Jump.  We

15   have not made an appearance in this particular matter, but we

16   represent AMP, AJP, and Rafeeq Jaber.

17          MR. ABDALLAH:  And, Your Honor, this is Zaid Abdallah

18   on behalf of the Mosque Foundation.

19          THE COURT:  Okay.  Thank you, everyone, for calling

20   in.

21          So as I indicated in a minute order setting today,

22   this is a motion hearing.  And I'm also prepared to rule on

23   the record today as well.

24          I want to give both sides an opportunity, though, if

25   there is anything additional you'd wish to place on the

1    record.

2        I'll start -- just -- because this is a -- the -- a

3    motion that's brought by the defendants, I'll start with the

4    defendants -- Mr. Abdallah, if there is anything further that

5    you want to put on the record -- and then I will give

6    plaintiffs a chance to respond.  But please know I have read

7    everything that's been submitted, both in support and

8    opposition of the motion.

9        Mr. Abdallah, anything -- I'm sorry -- yeah,

10   Mr. Abdallah, anything further that you want to put on the

11   record in support of the motion?

12       MR. ABDALLAH:  Your Honor, if I was going to say

13   anything, it would just be reiterating what Your Honor has

14   already indicated that she read, so there's nothing

15   additional.

16       THE COURT:  Okay.  Thank you so much.

17       From plaintiffs' perspective, Mr. Corthell and

18   Mr. Schlessinger, anything else that you'd like to put on the

19   record?

20       MR. CORTHELL:  Nothing from us, Your Honor.

21       THE COURT:  Okay.  Thank you.

22       MR. CORTHELL:  This is Seth Corthell.

23       THE COURT:  Thank you, Mr. Corthell.  I'm sorry.  I

24   should have given you an opportunity to identify yourself.  So

25   thank you.

1          So I'm going to go ahead and place my ruling on the

2     record.

3          So pending before the Court is a motion by the Mosque

4     Foundation, which is also known as the Bridgeview Mosque, to

5     quash a subpoena served by Plaintiffs Stanley Boim and Joyce

6     Boim.   The Foundation seeks an order quashing two requests in

7     plaintiffs' subpoena:   First, copies of all minute meetings

8     from 2000 to the present that identify the Foundation's

9     officers and directors and their duties and responsibilities;

10    and, two, to run a search on the Foundation's e-mail accounts

11    and donor records for a list of 48 search terms, which are

12    attached as an exhibit to the Foundation's reply -- to the

13    Foundation's reply brief.   That's Docket 20-3 at Page 6.

14         In resolving this motion, the Court observes that the

15    Foundation adopted a document retention policy in 2013.   See

16    Docket 26-1 at Pages 16 to 17.   And there is apparently no

17    dispute that documents predating 2013 are no longer available.

18         For the following reasons, the undersigned recommends

19    that the district judge deny the motion to quash as follows.

20         First, let me put the standard of review on the

21    record.

22         So "Federal Rule of Civil Procedure 45(d)(3) governs

23    motions to quash or modify a third-party subpoena.   Upon a

24    timely motion, Rule 45(d) mandates that the Court quash or

25    modify a subpoena if the subpoena subjects a person to undue

1     burden."  I'm relying on the case of *Roman v. City of Chicago*,

2     Case No. 20 CV 1717, 2023 WL 121765 at Page *1, Northern

3     District of Illinois, January 6th, 2023.

4           "It is up to the moving party to establish the

5     impropriety of the subpoena."  And I'm relying on *Roman* for

6     that proposition as well.

7           "When determining whether the recipient of a subpoena

8     is being subjected to an undue burden, courts consider a

9     number of factors, including the person's status as a

10     nonparty, the relevance of the discovery, the subpoenaing

11     party's need for the discovery, the breach -- or -- I'm

12     sorry -- the breadth of the request, and the burden imposed on

13     the subpoenaed party."  I'm relying on the case *Parker v. Four*

14     *Season Hotel, Ltd.*, 291 F.R.D. 181, Page 1881, Northern

15     District of Illinois 2013.

16           "In considering these issues, magistrate judges

17     'enjoy extremely broad discretion in controlling discovery.'"

18     For that, I'm relying again on the *Roman* case at Page *1.

19           Ordinarily, a motion to quash a subpoena is a routine

20     discovery motion that presents a nondispositive matter, which

21     a magistrate judge can determine *de novo*.  For that, see case

22     *Channelmark Corp. v. Destination Products International*

23     *Incorporated*, Case No. 99 C 214, 2000 WL 968818, at Page *1,

24     Northern District of Illinois, July 7th, 2000.

25           Even here, where the Foundation has opened a separate

1   case in which to challenge the subpoena, rather than filing it

2   in the underlying case of *Boim v. American Muslims for*

3   *Palestine, et al.*, Case No. 17 CV 3591, a ruling on the motion

4   to quash will not be determinative of plaintiffs' claims to

5   relief in that suit and, therefore, does not present a

6   dispositive matter.  However, given that the district judge

7   has referred the Foundation's motion to the undersigned for --

8   or to me for preparation of a report and recommendation at

9   Docket 18, the following oral ruling on the Foundation's

10  motion constitutes a report and recommendation under 28,

11  United States Code, Section 636(b)(1)(B) and Federal Rule of

12  Civil Procedure 72(b)(1).

13          Let me now turn to the discussion -- to my discussion

14  of the motion.  And I'm going to start first with the meeting

15  minutes.

16          The Foundation argues that plaintiffs' request for

17  meeting minutes dating back to 2013 would subject it to an

18  undue burden.  The Foundation adds that some of the minutes

19  are stored in hard copy while others are stored electronically

20  and that it does not have a dedicated record keeper.  That's

21  at Docket 26 at Page 2.

22          The Foundation observes that plaintiffs' request

23  would require it to redact ten years of meeting minutes

24  because plaintiffs seek only the identities of the officers

25  and directors.  That's Docket 26 at Page 3.

1    The Foundation contends that community members may be
2  unlikely to volunteer to work for it if they know that the
3  Foundation's meeting minutes may be produced during litigation
4  in response to a subpoena.

5    Finally, the Foundation notes that after being served
6  with plaintiffs' subpoena, it searched its employee-issued
7  e-mail accounts and donor records for 11 search terms that
8  were listed in the subpoena -- see Docket 20-3 at Page 2 --
9  and did produce responsive documents.

10    Plaintiffs contend that the identities of the
11  officers and directors is directly relevant to proving that
12  the defendants in the underlying lawsuit, including American
13  Muslims for Palestine, are the alter egos of the Islamic
14  Association for Palestine, or IAP, a defendant in the original
15  *Boim* litigation in which plaintiffs obtained a $156 million
16  judgment.

17    Plaintiffs contend that the Foundation functioned as
18  a "source of competent personnel committed to the mission as
19  well as ideological inspiration, direction, and consistency."
20  I'm quoting from Docket 20 at Page 6.

21    Regarding undue burden, plaintiffs contend that the
22  Foundation's objection fails to demonstrate the nature and
23  extent of the burden.

24    In the exercise of its extremely broad discretion to
25  control discovery, the Court finds that the Foundation has not

 1   established that complying with plaintiffs' subpoena will

 2   impose an undue burden on it.

 3       Turning first to relevance.  First, there is no merit

 4   that the Foundation's argument that the evidence sought by

 5   plaintiffs is irrelevant and amounts only to a fishing

 6   expedition intended to harass the Foundation.

 7       To the contrary, the evidence is highly relevant to

 8   plaintiffs' allegations that the AMP is an alter ego of IAP

 9   and, thus, directly liable for the $156 million judgment in

10   the original *Boim* case.

11       In support of that relationship, plaintiffs have

12   alleged that, first, the Foundation funded the IAP and a

13   successor organization known as KindHearts, and that it now

14   funds the AMP.  That's Docket Entry 179 at Paragraphs 110 to

15   111.

16       The Foundation's sheikh Jamal Said was "the ultimate

17   religious authority for IAP/AMS" and "the religious leader of

18   the community."  That's Docket Entry 179 at Paragraph 112.

19   Said spoke regularly at IAP functions and does so for AMP

20   functions as well according to the filing.

21       Defendant -- second -- third, Defendant Rafeeq Jaber,

22   a former president of IAP, became involved in the IAP through

23   the Foundation.  He suggested that Zionist forces will work

24   against AMP as they did against IAP, which implies an

25   equivalence between the organizations.  That's Docket No. 179

1    at Paragraphs 114 and 116.

2          And also, Abdelbasset Hamayel is a Foundation

3    employee and has served as a temporary executive director of

4    AMP for several years.  His salary is paid by the Foundation.

5    That's Docket 179 at Paragraph 121.  He helped AMP start

6    fundraising.  That's Docket 179, again, at Paragraph 121.

7          Taken as true, these allegations and others in the

8    first amended complaint establish a close relationship between

9    the Foundation and both IAP and AMP.  It is, therefore,

10   reasonable for plaintiffs to request the meeting minutes,

11   which may establish that the Foundation works closely with

12   other persons who were involved with IAP and are now involved

13   with AMP.

14         Turning to the burden, the Foundation has not

15   demonstrated that complying with the subpoena would impose an

16   undue burden on it, even recognizing, as the Court does, that

17   it is a nonparty to this suit.

18         The declaration of Oussama Jammal, the ex-officio

19   member of the Foundation board of directors, in the Court's

20   estimation, is purely conclusory.  It doesn't specify, for

21   example, how often the board meets and, thus, the volume and

22   meeting minutes that are at issue.

23         The Foundation's concerns about needing to redact the

24   minutes can be averted by entering into a protective order

25   with plaintiff.

1    Concerns about the subpoena production deterring

2    community volunteers is speculative and also could be

3    alleviated if the parties enter into a productive order

4    governing the subpoena production.

5    Turning next to the need for the evidence. In

6    addition, the plaintiffs have argued that there is a

7    particular need to seek this information from the Foundation

8    because IAP and AMP operated without regard for corporate

9    formalities, and that AMP "operated as a loose, unstructured

10   enterprise driven by a core group of like-minded individuals"

11   that is "largely the same group that ran IAP."  I'm quoting

12   from Docket 179 at Paragraphs 152 to 155.  The Foundation has

13   not responded to this point.

14   Considering these factors, the Court finds that

15   complying with the subpoena and producing the meeting minutes

16   will not subject the Foundation to an undue burden.  The

17   Court, therefore, recommends that the district judge deny the

18   motion to quash the subpoena as to plaintiffs' request -- as

19   to the plaintiffs' request for meeting minutes.

20   Turning to the second item at issue in the subpoena,

21   plaintiffs' search terms, the Foundation also argues that it

22   should not be required to search its e-mail accounts and donor

23   records for a list of 48 search terms proposed by plaintiffs.

24   Having conducted an initial search of its e-mail and

25   records for 11 of the search terms contained in plaintiffs'

1  subpoena, the Foundation contends that it should not have to
2  undertake a second search.  The Court recommends that the
3  district judge deny the motion to quash this part of the
4  subpoena as well.

5        First, although the Foundation has the burden to
6  demonstrate that plaintiffs' subpoena is improper, its
7  briefing makes no attempt to demonstrate how the plaintiffs'
8  request is unduly burdensome.  Indeed, the Foundation has
9  already searched its e-mails and donor records for some terms,
10 so it's not clear why a more expansive search rises to an
11 undue burden.

12       Second, the Foundation simply asserts that the search
13 terms at issue are irrelevant without attempting to
14 demonstrate that this is in fact the case.  In any event, the
15 search terms, many of which overlap with the entities at issue
16 in plaintiffs' first subpoena requests, are clearly relevant
17 to establishing whether AMP is an alter ego of IAP.

18       Third, the undersigned observes that the Foundation
19 has -- or the Court observes that the Foundation has not
20 indicated any willingness to further meet and confer on the
21 search terms, narrow -- try to narrow them, *et cetera*.  In
22 light of this, the undersigned has no reason -- or reasonable
23 basis to order plaintiffs to narrow their search terms before
24 ordering the Foundation to search the plaintiffs' terms.

25       For these reasons, the Court recommends that the

1    district judge deny the Foundation's motion to quash the

2    subpoena to the extent that it demands the Foundation to run

3    plaintiffs' proposed search terms.

4          In conclusion, in accordance with 28, United States

5    Code, Section 636 and Federal Rule of Civil Procedure

6    72(b)(1), the undersigned respectfully recommends that the

7    district judge deny the Foundation's motion to quash.  The

8    Foundation shall comply with this subpoena and make a

9    responsive production within 30 days after the time for filing

10   objections to this report and recommendation expires or within

11   30 days after the district judge resolves any objections to

12   the report and recommendation, whichever is sooner.

13         The parties are advised that any objection to this

14   report and recommendation must be filed in writing with the

15   Clerk of the Court within 14 days after service of a copy of

16   this report and recommendation.

17         And that's 28, United States Code, Section 636(b)(1)

18   and Federal Rule of Civil Procedure 72(b)(2).  Failure to file

19   a timely objection will constitute a waiver of objections on

20   appeal.  For that, the Court relies on -- see -- or relies on

21   *Video Views, Inc. v. Studio 21, Limited*, 797 F.2d 538 at

22   Page 539, Seventh Circuit, 1986.

23         With respect to what will follow, after this motion

24   hearing ends, I will enter a minute order merely stating that

25   the motion to quash is denied and restating the time period

```
 1   for the production in line with the 14 days to file any
 2   objection to the Court's ruling.
 3          And if there are objections with respect to the
 4   Court's ruling, you can order a copy of the transcript with
 5   respect to the Court's findings.
 6          Is there anything else to cover at this time from
 7   plaintiffs' perspective?
 8          MR. CORTHELL:  This is Seth Corthell, Your Honor.
 9          I just wanted to clarify one part of your order.  You
10   had mentioned that any concerns about redaction can be
11   alleviated by entering a protective -- a confidentiality
12   order.  We already have one with the defendants who are
13   obviously not the Mosque Foundation, but I'm sure we could
14   come to an agreement along those terms.  I just wanted to be
15   -- make sure I understood.  Is the Court indicating that the
16   meeting minutes should not be redacted and that they should
17   just be subject to a protective order to protect -- to
18   alleviate any of the Mosque Foundation's concerns?
19          THE COURT:  My point was that if there are concerns
20   that the redaction or the act of -- or the time that it would
21   take to do redactions is too cumbersome, too burdensome, that
22   the protective order would alleviate that because they could
23   be produced without redactions subject to that order.
24          However, you know, to the extent that the Foundation
25   wants to redact, that's fine.  I was just trying to find
```

1    additional ways to alleviate burden.

2         MR. CORTHELL:  Okay.  I suppose -- Your Honor, this

3    is Seth again.

4         My concern is that we've asked for meeting minutes

5    that will identify directors and their job responsibilities.

6    And if there's redactions, I believe that's going to create

7    grounds for more dispute about what should have been redacted

8    and what should not.

9         So, therefore, I would take the position that the

10   appropriate measure here should just be some sort of an

11   agreement on confidentiality that both, you know, protects the

12   information and any concerns the Mosque Foundation will still

13   have but alleviate, you know, any future disputes about, you

14   know, what information should be redacted and not redacted.

15        MR. ABDALLAH:  Your Honor, this is Zaid Abdallah on

16   behalf of the Mosque Foundation.

17        I think counsel is putting the cart before the horse,

18   Judge.

19        THE COURT:  I'm sorry.  Mr. Abdallah, I'm having --

20   you're -- could you slow down in your speech a little bit.

21   And there is a little bit of an echo as well.  So I'm also

22   just having difficulty hearing you.

23        But could you just slow your speech down a little bit

24   so I can -- and, again, I don't know if you're on a

25   speakerphone, but maybe get closer to the speaker.

1          MR. ABDALLAH:  Again, I said I believe counsel is

2     just putting the cart before the horse at this point,

3     Your Honor.

4          When we go ahead and produce everything, if it

5     doesn't have the information that they wanted, I think at that

6     point they could go ahead and, you know, make whatever

7     objection they wanted to make.

8          I mean -- but at this point, Your Honor, if we're --

9     if we have to go ahead and produce the minutes, we will redact

10    the contents of our meetings, which was -- that's not what's

11    been requested.  The only documents that we have that would be

12    responsive to their request in terms of Mosque Foundation

13    board of directors and leadership is the minutes showing who

14    is present and the titles of who is present, Judge.

15          So I don't think it's appropriate for counsel to say,

16    well, you know, what if we don't get the information we want,

17    you know, we should enter into a protective order before then.

18    He doesn't know what he is going to get.

19          THE COURT:  Yeah, and to be frank, this was one of

20    the concerns that the Court had.  So when you look at the

21    request -- so copies of all meeting minutes that identify the

22    Foundation's officers and directors and their duties and

23    responsibilities, I can imagine that these meeting minutes

24    have a lot of additional content in them that are not

25    responsive to that limited request within the subpoena.  So

1    I'm not going to manage what the Foundation does with respect

2    to how they produce these documents.

3            Again, when I had -- when the Court had in its ruling

4    flagged the fact that a protective order would -- or could

5    allay some of the concerns regarding burden as far as the

6    scope of the redactions, that's one portion of what was

7    intended as far as what the protective order could accomplish.

8    But I'm not going to manage how the Foundation goes about

9    producing these records as long as they are producing the

10   information at issue in the subpoena; again, you know, the

11   portions of these minute meetings that identify the

12   Foundation's officers and directors and their duties and

13   responsibilities.  And to the extent that there's

14   nonresponsive information in these meeting minutes, the

15   Foundation is free to redact that information.

16           Is there anything further from the plaintiffs'

17   perspective?

18           MR. CORTHELL:  This is Seth Corthell, Your Honor.

19           Nothing further.  Totally understand your position.

20   Thank you.

21           THE COURT:  Thank you.

22           Mr. Abdallah, is there anything further from the

23   defendants at this time?

24           MR. ABDALLAH:  Your Honor, I just want to clarify

25   with the Court.

1          So is the Court recommending that the Mosque

2    Foundation search for terms like "terror," "suicide,"

3    "Zionist," the term "Mosque Foundation," which is in every

4    e-mail because it's -- they have it in their signature line,

5    and "Galloway" and "Sarsour"?

6          THE COURT:  So the time to have made these arguments,

7    Mr. Abdallah, was in the motion.  And, you know, my read of

8    this record is that, you know, after the Foundation did a

9    search of the 11 search terms and when plaintiffs came back

10   with the 48 search terms, the Foundation, you know, has not --

11   or did not indicate any willingness to further meet and confer

12   on the search terms to include -- to attempt to narrow them or

13   have further discussions.

14          And in addition, I -- as I already said in my ruling,

15   the Foundation has the burden to demonstrate that the subpoena

16   is improper.  And in the briefing with respect to the search

17   terms, there is no attempt to demonstrate how this request is

18   unduly burdensome.

19          And, again, the fact that the Foundation did search

20   for the 11 terms -- it's just not clear why a more expansive

21   search rose -- or would rise to an undue burden.  And, again,

22   there is nothing in this record to reflect that, you know,

23   there was a willingness or even an effort to meet and confer.

24   There was just a hard stop from the Foundation to not do an

25   additional search or to further engage on the search terms.

1    And -- so with the record before this Court -- and,

2  again, the briefing does not go into specifics as to some of

3  the search terms that you just called out, Mr. Abdallah.  So

4  based on the record before the Court, the Court's ordering the

5  Foundation to search for all 48 terms.

6    MR. ABDALLAH:  Okay.

7    THE COURT:  Anything further, Mr. Abdallah?

8    MR. ABDALLAH:  Nothing further, Your Honor.

9    THE COURT:  Thank you very much for everyone's time

10  on a Friday afternoon.  I very much appreciate it.  I hope you

11  all have a good weekend.

12    We'll go ahead and end the motion hearing.  Take

13  care.

14    MR. CORTHELL:  Thank you, Your Honor.

15    MS. JUMP:  Thank you, Your Honor.

16    (Which were all the proceedings heard.)

17    *   *   *   *   *   *

18    C E R T I F I C A T E

19    I certify that the foregoing is a correct transcript, to

20  the extent possible, of the record of proceedings in the

21  above-entitled matter, given the limitations of conducting

22  proceedings via telephone.

23

24  /s/ Amy M. Kleynhans                    9/27/2023

25  AMY M. Kleynhans, CSR, RPR, CRR         Date
    Official Court Reporter

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STANLEY BOIM, INDIVIDUALLY AND AS )
ADMINISTRATOR OF THE ESTATE OF )
DAVID BOIM, DECEASED, AND JOYCE )
BOIM, )
) Case No. 22 CV 06085
)
     Plaintiffs, )
) Hon. Andrea R. Wood
v. )
) Hon. Jeffrey I. Cummings
)
)
AMERICAN MUSLIMS FOR PALESTINE; )
AMERICANS FOR JUSTICE IN PALESTINE )
EDUCATIONAL FOUNDATION; AND )
RAFEEQ JABER )

**AFFIDAVIT OF OUSSAMMA JAMMAL**

Now Comes, Oussama Jamal first being duly sworn under oath and states as follows:

1. I, Oussama Jamal, am under no physical or mental disability that would prevent me from giving a sworn statement.

2. I serve as the ex-officio of the Board of Directors of the Mosque Foundation.

3. In 2013 the Mosque Foundation adopted the current document retention policy.

4. Pursuant to said document retention policy, the Mosque Foundation must permanently retain the minutes of meetings of the board of directors.

5. When the Mosque Foundation first implemented the retention policy, meeting minutes were not stored electronically.

6. Some meeting minutes are stored electronically, and some are in hard copy format.

**EXHIBIT D**

7. Said meeting minutes contain information other than who served on the board of directors of the Mosque Foundation.

8. The meeting minutes stored electronically have not been seen or reviewed in years and are not readily accessible.

9. It would be a tremendous burden on the Mosque Foundation to retrieve ten years of meeting minutes and to redact information not sought by Plaintiff's subpoena.

Further Affiant say naught