# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF DAVID BOIM, DECEASED, AND JOYCE BOIM, | ) ) ) ) ) |
| Plaintiffs, | ) Case No. 22 CV 06085 ) ) |
| v. | ) Hon. Andera R. Wood ) |
| AMERICAN MUSLIMS FOR PALESTINE; AMERICANS FOR JUSTICE IN PALESTINE EDUCATIONAL FOUNDATION; AND RAFEEQ JABER | ) Hon. Heather K. McShain ) ) ) |

## RESPONDENT'S REPLY IN SUPPORT OF ITS OBJECTION TO MAGISTRATE JUDGE MCSHAIN'S RECOMMENDATION TO DENY MOSQUE FOUNDATION'S MOTION TO QUASH SUBPOENA

The Mosque Foundation herein after (Respondent) filed its objection to Magistrate Judge McShain's recommendation to deny Respondent's motion to quash subpoena. Respondent will rest on its motion to object in reply to Plaintiff's response in opposition to the Respondent's motion to object. Respondent would like to correct misstatements by the Plaintiffs made in Dkt 37.

Plaintiffs state in its response opposing Respondent's objection that Respondent did not raise the issue the Respondent's board members were only volunteers. (Dkt. 37 p. 8). This statement is patently untrue and false. Respondent does assert in its reply in support of its motion to quash subpoena where it states, "The Mosque Foundation is a civic organization that relies on its community members to volunteer and perform duties, including serving on the board of directors." (Dkt. 26 p. 3). Respondent states that giving the identities of board members to the Plaintiffs may dissuade community members from serving on its board.

Oussamma Jammal provided an affidavit outlaying many points to show that producing the minutes would be unduly burdensome. In his affidavit attached to Dkt. 26, he states that some of the minutes are stored electronically and in hard copy and have not been seen in years. He states that the minutes contain other information not responsive to the subpoena. Locating and redacting the minutes would be burdensome. Additionally, in its reply, Respondent states that they do not have a dedicated record keeper. (Dkt. 26 p 2). The burden was spelled out, and it is locating and redacting ten years' worth of minutes with no dedicated record keeper. Plaintiffs suggest a protective order, and Respondent rejects this suggestion because they have the right to keep unresponsive information from Plaintiffs as they are a nonparty. Suppose this Honorable Court orders Respondent to produce minutes. In that case, they will undertake the burden of redacting because the burden of producing unresponsive information to the Plaintiffs is more significant in the Respondent's opinion.

Plaintiffs state that Respondent never argued that the search terms are not included in the subpoena. (Dkt 37 p.9). This statement is false. Respondent makes the argument in its reply to Plaintiff's response in opposition to Respondent's motion to quash subpoena. Respondent states in its reply, "Most of these terms are intended to harass the Mosque Foundation and, more importantly, are not relevant and not requested in the Plaintiffs' subpoena." (Dkt 26 p.5). Plaintiffs cannot give Respondent a list of irrelevant search terms not included in the subpoena and demand Respondent run said terms. Plaintiffs say the Respondent cited no legal precedent on this argument. Relevancy is legal precedent. Terms like "Galloway', "Sarsour," "Suicide," and the like are not relevant to this subpoena. Therefore, Respondent should not be forced to run these terms. Many of these terms such as "terror" "suicide," "Hamas," "Muslim Brotherhood"

and the like are designed to harass Respondent because of its religious faith by projecting a disgusting stereotype of the Respondent because of the Muslim faith.

Respondent produced employee records requested by the Plaintiffs, and the parties agreed that this obligation, with the majority of the obligations under the subpoena, has been satisfied. The parties filed a joint status report that only cites the meeting minutes and search terms as topics of impasse. (Dkt. 16).

For the reasons stated above and in the Mosque Foundation's objection to Magistrate Heather McShain's recommendation to deny the Mosque Foundation's motion to quash the subpoena, The Mosque Foundation prays that this Honorable Court rejects the said recommendation and quashes Plaintiffs' subpoena.

    Respectfully Submitted
/s/ Zaid Abdallah
Attorney for Mosque Foundation
Abdallah Law
15127 S. Harlem Ave Suite E
Orland Park Illinois 60462
312.229.0008

## CERTIFICATE OF SERVICE

I certify that the above pleading has been filed electronically using the CM/ECF system and served to all parties through the CM/ECF system on 10/31/23.

/s/ Zaid Abdallah