IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANLEY BOIM, et al., ) <br> ) <br> Plaintiff, ) <br> ) No. 22-cv-06085 <br> v. ) <br> ) Judge Andrea R. Wood <br> AMERICAN MUSLIMS FOR ) <br> PALESTINE, et al., ) <br> ) <br> Defendants. ) | |

## ORDER

Respondent Mosque Foundation's objections to the Magistrate Judge's Report and Recommendation [36] are overruled. The Court adopts the Report and Recommendation (attached as Exhibit 1 hereto) in full. All pending matters related to the motion for protective order [1] have now been resolved. For the reasons discussed at the status hearing on 3/27/2024, the miscellaneous civil case opened under No. 22-cv-06085 will be consolidated with the underlying civil case, No. 17-cv-03591, for any further disputes or proceedings. This case will be administratively closed. The Clerk is directed to docket a copy of this order, with the attached Magistrate Judge's Report and Recommendation [34], under Case No. 17-cv-03591. Any further motions related to third-party discovery issued to Respondent Mosque Foundation shall be filed as discovery motion practice in Case No. 17-cv-03591. Civil case terminated. See the accompanying Statement for details.

## STATEMENT

### I.

In 1996, Plaintiffs Stanley and Joyce Boim's son was murdered in Israel by two agents of Hamas. Plaintiffs subsequently filed a lawsuit under the civil liability provisions of the federal Anti-Terrorism Act, 18 U.S.C. § 2333(d)(2), ("ATA Lawsuit") against Holy Land Foundation for Relief and Development, the American Muslim Society, and the Islamic Association for Palestine ("IAP"). That lawsuit culminated in a $156 million judgment. Yet Plaintiffs were unable to collect on that judgment because the defendants in the ATA Lawsuit claimed no longer to exist.

Years later, Plaintiffs initiated an action against Defendants American Muslims for Palestine ("AMP"), Americans for Justice in Palestine Educational Foundation, and Rafeeq Jaber, *Boim v. American Muslims for Palestine*, No. 1:17-cv-03591 (N.D. Ill.), seeking a declaration that Defendants are alter egos of the ATA Lawsuit defendants. During discovery in that case, Plaintiffs issued a subpoena to Respondent Mosque Foundation ("Foundation") pursuant to Federal Rule of Civil Procedure 45. The Foundation objected to several categories of information

requested by the subpoena and filed the present action to quash the subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3). (Dkt. No. 1.)[1] Following several meet-and-confer sessions, Plaintiffs and the Foundation remained at an impasse regarding Plaintiffs' request for the Foundation's meeting minutes and request that the Foundation run 48 search terms across various email accounts and donor records. The Magistrate Judge issued a Report and Recommendation recommending that this Court deny the Foundation's motion to quash. Subsequently, the Foundation timely filed its objections to the Report and Recommendation. Those objections have now been fully briefed.

## II.

Through the underlying lawsuit, Plaintiffs seek to establish that Defendants are alter egos of the ATA Lawsuit defendants, such that the judgment entered in the ATA Lawsuit may be enforced against Defendants. The parties in the underlying lawsuit are currently engaged in discovery under the supervision of the Magistrate Judge. In connection with discovery, Plaintiffs served a subpoena on the Foundation.

According to Plaintiffs, the Foundation was a significant supporter of IAP and AMS's efforts to promote and fund Hamas prior to the ATA Lawsuit judgment. Then, several years after those organizations supposedly went out of business as a result of that judgment, Plaintiffs contend that the ATA Lawsuit defendants re-emerged as AMP and AJP. The Foundation proved to be a critical supporter of those new organizations. For example, the Foundation provides funding to AMP and the Foundation has been a source of personnel committed to AMP's mission. The Foundation's imam, who once provided ideological guidance to IAP, took on a similar role with AMP. Further, Defendant Jaber was formerly the president of IAP, after becoming involved with that organization through his work with the Foundation, and later became AMP's tax advisor and a prominent surrogate.

Given the Foundation's involvement with both the ATA Lawsuit defendants and Defendants here, Plaintiffs served the Foundation with a subpoena with the primary goal of discerning the identities of the Foundation's officers and directors. Plaintiffs contend that such information is relevant to proving that Defendants in the underlying lawsuit are alter egos of the ATA Lawsuit defendants.

---

[1] It is unclear why the Foundation elected to open a new civil action to challenge the subpoena rather than filing a motion for a protective order in the underlying case, which is also pending in this District. At the time this subpoena-related action was opened, the then-presiding district judge, who was also presiding over the underlying action, set a briefing schedule and then referred the matter to the magistrate judge for a report and recommendation pursuant to Federal Rule of Civil Procedure 72(b)(1). Shortly thereafter, the originally assigned judge resigned his position, and both the underlying case and the subpoena enforcement action were reassigned to this Court. The magistrate judge then proceeded to issue her Report and Recommendation on September 25, 2023. As stated on the record at the status hearing on March 27, 2024, this Court sees no reason to keep the two actions separate and finds it appropriate to consolidate this case with the underlying case pursuant to Federal Rule of Civil Procedure 42.

## III.

Under Federal Rule of Civil Procedure 72(b), where, as here, a district court is reviewing a magistrate judge's recommended disposition, it "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Based on its review, the court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.* "Being persuaded by the magistrate judge's reasoning, even after reviewing the case independently, is perfectly consistent with *de novo* review." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013).

First, the Foundation objects to the Magistrate Judge's recommendation that the Court decline to quash Plaintiffs' request for the Foundation's meeting minutes. However, the Court agrees with the Magistrate Judge that the meeting minutes are relevant. Plaintiffs have shown that the Foundation provided critical funding and other resources to IAP before it became defunct and then provided similar support to AMP when it came into existence. Thus, the Court finds that the requested meeting minutes may provide further insight into the Foundation's involvement with the organizations that are alleged to be alter egos of the ATA Lawsuit defendants.

The Court is not persuaded by the Foundation's claim that producing its meeting minutes would be overly burdensome. Indeed, the Foundation's assertions of undue burden are entirely unsubstantiated. *See, e.g.*, *Hum. Rights Def. Ctr. v. Jeffreys*, No. 18 C 1136, 2022 WL 4386666, at *3 (N.D. Ill. Sept. 22, 2022) (rejecting burden arguments where the defendants did "not offer any specifics or even an estimate of burden involved in producing discovery"). The Foundation makes no effort to quantify the time and cost of compiling its meeting minutes beyond a conclusory assertion in an affidavit as to the "tremendous burden" it would face in "retriev[ing] ten years of meeting minutes." (The Foundation's Reply in Supp. of Mot. to Quash, Ex. C, Jammal Aff. ¶ 9, Dkt. No. 26-1.) Moreover, the Foundation's claims regarding the burden of compiling its meeting minutes rings especially hollow since its alternative proposal of requiring Plaintiffs to provide names for the Foundation to check against its meeting minutes would necessarily entail the exact same compilation effort. Finally, the Foundation's speculative concern that permitting Plaintiffs' requested discovery would dissuade community members from becoming involved in its board can be addressed through a protective order governing the subpoena production. Indeed, a protective order has been entered in the underlying case. To the extent that protective order is insufficient, the Foundation may seek a supplemental order. For these reasons, the Court denies the Foundation's motion to quash Plaintiffs' request for its meeting minutes.

The Foundation's second objection addresses the Magistrate Judge's recommendation that the Foundation be required to run 48 different search terms across several employee email accounts and donor records. In particular, the Foundation claims that the Magistrate Judge's recommendation was improper because those search terms were not included in Plaintiffs' subpoena. As an initial matter, the Foundation never raised this argument before the Magistrate Judge, and "[c]ourts routinely have held that arguments not raised before a magistrate judge and raised for the first time in the objections filed before the district judge are waived." *Ice Glass Prints Fla., LLC v. Surprize LLC*, No. 08 CV 5284, 2010 WL 1702195, at *4 (N.D. Ill. Apr. 27, 2010). In any case, the Foundation cites no legal authority suggesting that the absence of

requested search terms in a subpoena requires denial of the discovery. To the contrary, it is common in discovery for parties to negotiate and agree on a list of search terms to run across sources of electronically stored information. Initially, that appears to be what happened in this case—as the Foundation agreed to run a list of search terms only later to renege without any further meet-and-confer efforts on the topic.

The Court agrees with the Magistrate Judge that Plaintiffs' proposed search terms can be expected to yield relevant information. While the Foundation contends that search terms such as "Hamas," "Muslim Brotherhood," and "Terrorism" are inflammatory and harassing, the Court finds that those terms are directly relevant to the underlying action, which concerns Defendants' alleged support of a designated foreign terrorist organization. Accordingly, the Court denies Plaintiffs' motion to quash Plaintiffs' request that the Foundation run a list of search terms.

## IV.

For the foregoing reasons, the Court overrules the Foundation's objections to the Magistrate Judge's Report and Recommendation and adopts the Report and Recommendation in full.

Dated: March 29, 2024

Andrea R. Wood
United States District Judge